UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22081-Civ-SEITZ
          08-21854-Civ-SEITZ
          (88-97-Cr-SEITZ)
          (89-157-Cr-SEITZ)
MAGISTRATE JUDGE P. A. WHITE

JAMES F. SMITH,                      :

        Petitioner,                  :

                                         <u>CONSOLIDATED REPORT</u>
v.                                   :   <u>OF MAGISTRATE JUDGE</u>

UNITED STATES OF AMERICA,            :

        Respondent.                  :
_____

<u>Introduction</u>

This matter is before the Court on remand from the Eleventh Circuit regarding movant's <u>pro</u> <u>se</u> motion to reopen criminal case no. 89-157-Cr-Seitz, and to dismiss that case for lack of subject matter jurisdiction.

The Court has reviewed the movant's motion to reopen (Cv-DE#1), his amended motion to vacate (Cv-DE#13), as well as, the government's response thereto (Cv-DE#21), together with the Eleventh Circuit's remand, and all pertinent portions of the underlying criminal files.[1]

In his initial motion to reopen, the movant argued that the

---

[1]For purposes of clarity, the undersigned notes that movant's motion (Cv-DE#1) was filed in case no. 89-157-Cr-Seitz, and is the subject of the Eleventh Circuit's remand. However, after affording movant the safeguards under <u>Castro v. United States</u>, 540 U.S. 375, 377 (2003), the movant filed an amended motion, now seeking to challenge the criminal convictions entered in 89-157-Cr-Seitz and 88-97-Cr-Seitz. In case no. 88-97-Cr-Seitz, movant previously filed a 28 U.S.C. §2255 motion to vacate. Thus, this Report will address each of the criminal cases and their respective §2255 challenges separately in this Report.

trial court in case no. 88-97-Cr-Seitz, lacked subject matter jurisdiction over the offense(s) and that his sentence was imposed in violation of his rights under the Confrontation Clause. (Cv-DE#1). In his amended motion, the movant lists 88-97-Cr-Seitz, as well as, 89-157-Cr-Seitz, and therein raises three claims, one challenging counsel's effectiveness, another challenging the court's jurisdiction in 88-97-Cr-Seitz, and a third stating that his conviction was obtained in violation of his rights under the Confrontation Clause. (Cv-DE#13).

<u>Attack on Criminal Case No. 88-97-Cr-Seitz</u>

In case no. 88-97-Cr-Seitz, the movant was charged with and pleaded guilty to possession with intent to distribute marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §1903(a). (Cr-DE#54). Movant, however, failed to appear for sentencing on September 19, 1988, and remained a fugitive until he was arrested in an unrelated case on April 30, 2003. Thereafter, he was sentenced to 252 months in prison. Movant appealed, and the Eleventh Circuit affirmed, but the Supreme Court granted certiorari, vacated the judgment, and remanded to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005). <u>See</u> <u>United States v. Smith</u>, 107 Fed.Appx. 185 (11th Cir. 2004), <u>cert.granted, judgment vacated by Smith v. United Stats</u>, 543 U.S. 1104 (2005). On remand, the Eleventh Circuit once again affirmed the judgment of conviction without written opinion on March 31, 2005. <u>United States v. Smith</u>, 138 Fed.Appx. 297 (11th Cir. 2005). (Cr-DE#s199,202). No certiorari review was taken therefrom. Consequently, for purposes of the federal one-year limitations period, at the latest the judgment of conviction in the underlying criminal case, no. 88-97-Cr-Seitz, became final at the latest, on June 31, 2005, ninety days following

the issuance of judgment, when time expired for seeking certiorari review with the Supreme Court.[2]

Almost three years later, on June 17, 2008, the movant returned to the district court filing his first motion to vacate pursuant to 28 U.S.C. §2255, which was assigned case no. 08-21854-Civ-Seitz.[3]  A Report was entered recommending that the motion be dismissed as time-barred, and alternatively denied on the merits. On January 14, 2009, the district court affirmed, adopted, and incorporated by reference the Report. (Cr-DE#206). Thereafter, movant filed a certificate of appealability with the appellate court, but the appeal was dismissed on the finding that movant had failed to make a substantial showing of the denial of a constitutional right. (Cr-DE#25).

In this proceeding, the movant filed an amended §2255 motion on August 15, 2011, listing the 1988 marijuana conspiracy case, as one of two prior convictions under attack. (Cv-DE#13:2). As to that criminal case, the movant asserts that: (1) the conviction was obtained in violation of the Confrontation Clause; (2) the court lacked subject matter jurisdiction over the movant's vessel; and, (3) counsel was ineffective for failing to seek dismissal or suppression of the indictment on those bases. (Id:2-8).

First, this is a second or successive application for §2255

---

[2]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

[3]See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

habeas corpus relief. Before a federal prisoner may file a second or successive §2255 motion, he must obtain an order from the appropriate court of appeals, authorizing the district court to consider the motion. See 28 U.S.C. §2244(b)(3)(A); 28 U.S.C. §2255(h); In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Because the movant filed a prior §2255 motion, which was denied on the merits, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive §2255 motion, the Court is without jurisdiction to entertain this motion as a §2255 motion. See, e.g., Boone v. Secretary, Dep't of Corrections, 377 F.3d 1315, 1317 (11 Cir. 2004); Farris v. United States, 333 F.3d 1211, 1216 (11 Cir. 2003).

The Eleventh Circuit has determined that the "inadequate or ineffective" savings clause of §2255 applies when: (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first §2255 motion." See Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Here, the "inadequate or ineffective" savings clause of §2255 does not allow the movant to escape the gatekeeping provisions of the AEDPA merely by characterizing his motion as one of fundamental defect and/or based on lack of subject matter jurisdiction.

The requirement that a movant seek certification from the appellate court for the filing of a successive habeas application is dependant not on the characterization the movant chooses for his motion, but rather on the actual substance of the relief he seeks.

See <u>United States v. Sowers</u>, <u>supra</u> ("It makes no difference that
the motion itself does not *purport* to attack this court's
substantive analysis of Sowers's habeas claims ... All that matters
is that Sowers is, in actuality, 'seek[ing] vindication of' or
'advancing' claims by taking steps that lead inexorably to a
merits-based attack on the prior dismissal of his habeas
petition."); <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11 Cir.
1990)(federal courts have "an obligation to look behind the label
of a motion filed by a <u>pro se</u> inmate and determine whether the
motion is, in effect, cognizable under a different remedial
statutory framework"). When a person files an unauthorized or
successive motion to vacate without first having obtained
authorization from the court of appeals to do so, the proper remedy
is for the district court to dismiss the claims raised in the
petition for lack of jurisdiction. 28 U.S.C. §2244(b)(2)-(3); <u>El-
Amin v. United States</u>, 172 Fed.Appx. 942, 946 (11 Cir. 2006).

As narrated previously, to the extent the motion seeks to
challenge the 1988 conviction, movant filed a prior §2255 motion,
case no. 08-21854-Civ-Seitz, which was denied on the merits. Review
of the current pleading does not attack the integrity of his prior
§2255 motion, but instead challenges the court's jurisdiction in
prosecuting and then sentencing him in the underlying criminal
case. Further, the current motion does not purport to state that he
is relying on a "new rule of constitutional law" retroactively
applicable to cases on collateral review. <u>See</u> 28 U.S.C.
§2255(h)(2)(stating that successive motion must be certified to
contain "a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court, that was
previously unavailable").

Although the motion appears to be successive, to the extent
the movant attempts to circumvent this fact by claiming that this

court lacked subject matter jurisdiction over the offense, that claim also fails on the merits.

Generally, a defendant must raise a claim at trial and on direct review or it is subject to the procedural default rule. Massaro v. United States, 538 U.S. 500, 504 (2003); Murray v. Carrier, 477 U.S. 478, 490-92 (1986). However, courts have recognized an exception to the procedural default rule for "jurisdictional" claims. The principle that a defect bearing on the court's jurisdiction cannot be procedurally defaulted appears to be an extension of the notion that jurisdictional errors are not waivable and can be raised at any time. Harris v. United States, 149 F.3d 1304, 1308-09 (11th Cir. 1998). But "jurisdiction" is "a word of many, too many meanings." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 90 (1998).

Historically, however, the word "jurisdiction" was construed expansively in the post-conviction context because the scope of collateral review was traditionally restricted to "jurisdictional" errors; as a result, the desire of the federal court to correct obvious constitutional violations led them to classify a broad range of constitutional errors as jurisdictional errors. See, e.g., United States v. Cotton, 535 U.S. 625, 629-30 (2002) (discussing Ex parte Bain, 121 U.S. 1 (1887)). Cotton repudiated the "elastic," 19th-Century understanding of "jurisdiction," which was in actuality "more of a fiction than anything else," id., and more narrowly defined it to mean "the courts' statutory or jurisdictional power to adjudicate the case." Cotton, 535 U.S. at 630 (quoting Steel Co., 523 U.S. at 89). Therefore, the procedural default rule exemption for jurisdictional errors is limited to errors that actually affect the court's subject matter jurisdiction, or its power to adjudicate a case. See, e.g., United States v. Burch, 169 F.3d 666, 668 (10th Cir. 1999).

Here, it is evident that the movant is attempting to circumvent the successiveness of this motion by asserting that the court was without subject matter jurisdiction to impose judgment and sentence. (Cv-DE#13:12). This claim is clearly refuted by the record which reveals that the court had jurisdiction over the offense.

A court's power to adjudicate a federal criminal prosecution comes from 18 U.S.C. §3231, which gives federal courts original jurisdiction over "all offenses against the laws of the United States." See 18 U.S.C. §3231. Review of the Indictment reveals that the movant violated a federal criminal statute, which states an "offense against the laws of the United States," tracking the language of the statute and setting forth the essential elements of the crime. The Indictment sufficiently apprised the movant of the charges against him.[4] Consequently, no showing has been made in this collateral proceeding that the government manufactured jurisdiction, that the charges were "feigned," that the charging instrument was unlawfully amended, nor that he has been unlawfully convicted.

Further, because the movant here attacks the validity of his conviction and sentence in the 1988 case, not the manner in which it is being executed, he cannot state a claim for §2241 relief or show that the remedy available under §2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. §2255(e). Consequently, to the extent the motion is attacking the

---

[4]Due process and the Sixth Amendment require that an Indictment state the elements of an offense charged with sufficient clarity to apprise a defendant of the charges against him. Russell v. United States, 369 U.S. 749, 763-64 (1962). An Indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defendant and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." See Hamling v. United States, 418 U.S. 87, 117 (1974)(citations omitted); Government of Virgin Islands v. Moolenaar, 133 F.3d 246 (3 Cir. 1998), citing Russell, supra; Hamling v. United States, supra.

1988 conviction, this motion should be dismissed as successive based on movant's failure to obtain permission from the appellate court before filing a second §2255 motion.

## Attack on Criminal Case No. 89-157-Cr-Seitz

In case no. 89-157-Cr-Seitz, the movant was charged with and pleaded guilty to failing to appear/bond jumping in the 88-97-Cr-Seitz case. (Cr-DE#s1,17). He was sentenced to a term of 10 months in prison, to run consecutive to the term of imprisonment imposed in 88-97-Cr-Seitz. (Cr-DE#23). The movant appealed, and the Eleventh Circuit affirmed the judgment on May 12, 2004. United States v. Smith, 103 Fed.Appx. 667 (11th Cir. 2004); (Cr-DE#35). No certiorari review was taken therefrom. Thus, this federal conviction became final at the latest on August 12, 2004, ninety days following the issuance of judgment, when time expired for seeking certiorari review with the Supreme Court. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002); Close v. United States, 336 F.3d 1283 (11th Cir. 2003). Almost four years later, on May 1, 2008, the district court entered an order clarifying and correcting a clerical error in the judgment to reflect the correct fine amount. (Cr-DE#37).

Meanwhile, over a year later, on October 14, 2009, movant filed a motion to reopen the criminal case, dismiss the indictment for lack of jurisdiction, and challenge his sentence as unconstitutional. (Cr-DE#38). Careful review of the arguments posited in the motion reveal that movant was challenging the indictment issued for violation of 46 U.S.C. §1903, as charged in case no. 88-97-Cr-Seitz, and not the failure to appear offense, which was the subject of the indictment in case no. 89-157-Cr-Seitz. (Id.). Following the government's response thereto, the

district court entered an order denying the motion based on the government's response. (Cr-DE#41). In so ruling, the court explained that it lacked jurisdiction to consider the motion, but even if it did have jurisdiction, the motion lacked merit. (Id.).

The movant appealed, and the Eleventh Circuit reversed and remanded with instructions. (Cr-DE#62). In so ruling, the Eleventh Circuit explained that the movant's post-judgment motion "could be construed as a motion challenging the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B), or as a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255." (Id.). The appellate court further explained that under Rule 12(b)(3)(B), the court could not consider the motion as the case was no longer pending because the mandate on direct appeal had long issued. As a §2255 motion, the appellate court stated that, because the subject motion was styled and in the 1989 criminal case, no. 89-157-Cr-Seitz, irrespective of the fact that the substance was challenging the 1988 case, the district court should have provided movant with the opportunity to withdraw or amend the filing pursuant to the dictates of Castro v. United States, 540 U.S. 375, 377 (2003), before recharacterizing it as movant's first §2255 motion in the 1989 case. (Cr-DE#69). The appellate court concluded that the district court erred in holding it lacked subject matter jurisdiction to consider the motion and further erred in denying the motion on the merits without first complying with the requirements of Castro, supra.

The matter was referred to the undersigned for consideration in light of the appellate court's remand. (Cr-DE#64). Thereafter, an order was entered noting that the motion filed in the underlying criminal case constituted a §2255 motion, and directing that a new case be opened. (Cr-DE#65). Thereafter, the motion was opened by the Clerk as a new §2255 proceeding, and assigned case no. 11-

22081-Civ-Seitz. Pursuant to the order of reference and the instructions on remand from the appellate court, a <u>Castro</u> order was entered, cautioning movant that notwithstanding the "label," the motion should be considered a §2255. (<u>Id</u>.). The movant was thus given an opportunity to either agree to the recharacterization of the motion or withdraw the criminal motion, rather than have it recharacterized by the court. (<u>Id</u>.).

In response thereto, the movant filed a motion seeking to withdraw the criminal motion, and for leave to file a first §2255 motion. (Cv-DE#9). On July 14, 2011, the undersigned granted the motion to withdraw the criminal motion, and extended the time to file the §2255 motion, without prejudice except for application of any procedural bars. (Cv-DE#12). On August 15, 2011, an amended motion was filed. (Cv-DE#13). An order was then entered directing the movant to address the timeliness of this federal proceeding. (Cv-DE#15). The movant complied, stating that claims challenging the court's subject matter jurisdiction may be raised at any time. (Cv-DE320).

The law is clear that movant cannot circumvent the one-year AEDPA federal limitations period by challenging his criminal conviction on jurisdictional grounds. <u>See</u>, <u>e.g.</u>, <u>Barreto-Barreto v. United States</u>, 551 F.3d 95, 100 (1st Cir. 2008)(pointing out that "[n]othing in the language of §2255 suggests that jurisdictional challenges are exempt from the one-year limitations period" and holding that such petitions "are not exempt from §2255's filing deadline"); <u>Davis v. Secretary, Dep't of Corrections</u>, 2009 WL 4730548, *1 (M.D.Fla. Dec.7, 2009) ("There is no exception under AEDPA's statute of limitation for a §2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective."); <u>United States v. Williams</u>, 2009 WL 3230399, *8 (N.D.Fla. Oct.2, 2009)

("Jurisdiction is specifically listed as a ground for §2255 relief, and is not excluded from ... the one year limitations period of §2255(f)"); United States v. Hicks, 2009 WL 1620430, *1 (E.D.Mich. June 9, 2009)(indicating that federal courts have "uniformly rejected" contention that jurisdictional challenges are exempt from §2255 limitation period); United States v. Davis, 2007 WL 2177684, *2 (E.D.La. July 30, 2007) ("Section 2255 explicitly states that post-conviction challenges to a federal court's jurisdiction are subject to AEDPA's one-year statute of limitations."); Hubert v. United States, 2006 WL 2404007, *6 (W.D.Ky. Aug.17, 2006) ("§2255 does not exempt jurisdictional challenges from AEDPA's statute of limitation provisions"); Johnson v. Jones, 2006 WL 2092601, *2 (M.D.Ala. July 27, 2006) (in response to petitioner's argument that jurisdictional defect in indictment is not governed by AEDPA period, declaring that "[n]either 28 U.S.C. §2244(d) nor federal case law ... makes such an exception for jurisdictional issues").

As will be recalled, the movant's judgment of conviction became final at the latest on August 12, 2004, ninety days following the issuance of judgment, when time expired for seeking certiorari review with the Supreme Court. Further, the order correcting the clerical error in the judgment, entered on May 2, 2008, some four years after the movant's conviction became final, did not act to the federal limitations period anew. The Eleventh Circuit has held that when the district court corrects an error in a criminal judgment, the right to appeal the judgment does not begin anew. See United States v.. Portillo, 363 F.3d 1161 (11th Cir. 2004).[5]

---

[5]In Portillo, the district court corrected a clerical error in the restitution provision of a criminal judgment. Thereafter, the defendant appealed the restitution portion of the amended judgment. The Eleventh Circuit held that the appeal was untimely pursuant to Fla.R.App.P. 4(b)(1)(A) because the defendant should have appealed the restitution order in the original judgment, which he did not do. Id. at 1166. The correction of the clerical error did not provide the defendant with a second opportunity to appeal the judgment. Id.

Although there does not appear to be an Eleventh Circuit case squarely addressing whether the correction of a clerical error with an amended judgment restarts the one-year limitation provision of §2255, the logic of <u>Portillo</u> clearly indicates that it does not. After all, the Supreme Court has held that a judgment of conviction becomes final, for purposes of §2255, when the movant's opportunity for direct appeal of his conviction(s) have been exhausted. <u>See Clay v. United States</u>, 537 U.S. 522, 527-28 (2003).

Moreover, other courts that have addressed this narrow issue appear to have held uniformly that when a case is remanded for a ministerial reason or for the correction of a clerical error (or when the district court *sua sponte* corrects a clerical error in a judgment), the one-year limitations period of §2255 does not begin anew when the district court performs the ministerial directive of the appellate court or corrects the clerical error. <u>See United States v. Wilson</u>, 256 F.3d 217, 219-20 (4th Cir. 2001)(§2255 limitations period not restarted when district court performs the ministerial task of vacating one count on remand); <u>United States v. Dodson</u>, 291 F.3d 268, 275 (4th Cir. 2002)(§2255 limitation period does not begin anew when "appellate court...remands for a ministerial purpose that could not result in a valid second appeal"); <u>United States v. Greer</u>, 79 Fed.Appx. 974 (9th Cir. 2003)(unpublished); <u>see also</u> <u>Richardson v. Bramley</u>, 998 F.2d 463, 465 (7th Cir. 1993)("[a] judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, unless the remand is for a purely 'ministerial' purpose'").

Thus, the movant was required to file this motion to vacate within one year from the time the judgment became final on August 12, 2004, or no later than August 12, 2005. Regardless, even if the order correcting the judgment did act to restart the federal

limitations period, the movant's initial criminal motion was not filed until October 14, 2009. The corrected judgment was entered on May 2, 2008. No appeal therefrom was filed. Consequently, it became final 10 days later on May 16, 2008.[6] Thus, movant would have been required to file the instant motion no later than May 16, 2009. He did not do so.

Although it appears that the motion is untimely pursuant to §2255, this does not necessarily end the inquiry. In the proper case, §2255's period of limitations may be equitably tolled. Holland v. Florida, ___ U.S. ____, ___, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)("[W]e hold that §2244(d) is subject to equitable tolling in appropriate cases.").[7] See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary  for Dept. of Corrections, 259 F.3d

---

[6]Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days. Although in 2009 the time for filing a direct appeal was increased from 10 to 14 days after the judgment is entered, it now includes counting intermediate Saturdays, Sundays, and legal holidays in the computation, See Fed.R.App.P. 4. The 2009 amendment does not apply here.

[7]Although *Holland* involved a §2254 petition, and not a §2255 motion to vacate, *Holland* as well as other §2254 habeas corpus cases are applicable here where relevant. See, e.g., McFarland v. Scott, 512 U.S. 849, 856-58, 114 S.Ct. 2568, 2573, 129 L.Ed.2d 666 (1994)(noting that the "terms 'post conviction' and 'habeas corpus' also are used interchangeably in legal parlance to refer to proceedings under §2254 and §2255" and accordingly statutes providing for post-conviction relief should, unless context mandates otherwise, be read *in pari materia*); United States v. Flores, 135 F.3d 1000, 1002 n. 7 (5th Cir. 1998)("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper.").

1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" Holland, 130 S.Ct. at 2564, citing, Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Further, "'[e]quity is not intended for those who sleep on their rights."' See Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989). None of the facts and arguments raised by the movant here suggest that he is entitled to equitable tolling.

Under these circumstances, it is recommended that the motion, attacking his 1989 conviction, be dismissed as time-barred.

<u>Conclusion</u>

Based on the foregoing, it is recommended that the motion, which attacks criminal case no. 88-97-Cr-Seitz, be DISMISSED as successive; and, (2) that the motion, attacking criminal case no. 89-157-Cr-Seitz, be DISMISSED as time-barred.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 7th day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   James F. Smith, Pro Se
      Reg. No. 16792-004
      F.C.I. - Miami
      Inmate Mail/Parcels
      P.O. Box 779800
      Miami, FL 33177

      Michael J. O'Leary, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street
      Miami, FL 33132
```